IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Tayson Boone, | C/A No. 1:22-4551-JFA-SVH |
| Petitioner, | |
| vs. | **ORDER** |
| Bryan Stirling, | |
| Respondent. | |

Petitioner Andre Tayson Boone ("Petitioner") is an inmate at Broad River Correctional Institution in South Carolina who filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge conducted an initial review of Respondent, Bryan Stirling's ("Respondent") Motion for Summary Judgment (ECF No. 12), Petitioner's Response in Opposition (ECF No. 15), and Respondent's Reply. (ECF No. 16).

After reviewing the parties' briefs, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Respondent's Motion for Summary Judgment should be granted and Petitioner's denied. (ECF No. 17). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed objections on May 3, 2023. (ECF No. 52). Thus, this matter is ripe for review.

1

I.   **LEGAL STANDARD**

   a. **Standard of Review**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

2

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### b.  § 2254 Petition

The scope of a federal court's review of a habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is "highly constrained." *Lawrence v. Branker*, 517 F.3d 700, 707 (4th Cir. 2008). The Court cannot grant a § 2254 petition "with respect to any claim adjudicated on the merits in state court" unless the state court decision was "either contrary to, or an unreasonable application of, clearly established federal law as determined by the [United States] Supreme Court," *id.* (citing 28 U.S.C. § 2254(d)(1) ), or if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Richey v. Cartledge*, 653 F. App'x 178, 184 (4th Cir. 2016) (per curiam) (citing 28 U.S.C. § 2254(d)(2) ). The Court "must presume state court findings of fact to be correct unless the petitioner rebuts that presumption by clear and convincing evidence." *Id.* (citing 28 U.S.C. § 2254(e)(1) ).

3

Additionally, the legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

## II.     DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report (ECF No. 17), however, this Court will provide a summary for context. In April of 2007, a Richland County Grand Jury indicted Petitioner for the murder of Brian Wright following a shootout that occurred late at night on February 18, 2007, at a Waffle House in Richland County, South Carolina. (ECF No. 11-8 at 1877-78). The jury returned a verdict of guilty against Petitioner and a co-defendant and the trial Judge sentenced each of them to forty-five years of imprisonment. (ECF No. 11-7 at 1643, 1624).

After his conviction, Petitioner timely filed an appeal, and on April 17, 2013, the Court of Appeals affirmed his conviction. The grounds for Petitioner's appeal are fully stated in the Report and incorporated herein. Additionally, on November 1, 2013, Petitioner also filed an application for post-conviction relief ("PCR"). (ECF No. 11-7 at 1692). By Order dated May 7, 2019, the application was denied and dismissed. (ECF No. 11-8 at 1806-73). The grounds for his application and the PCR Court's ruling are also fully stated in the Report and incorporated herein.

Thereafter, Petitioner's PCR counsel timely served and filed a notice of PCR appeal. Then, on December 9, 2019, Petitioner's appointed counsel, Adam Ruffin ("Ruffin") filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina. (ECF No. 11-13).

Ultimately, the case was transferred to the Court of Appeals for disposition, and it was denied on August 16, 2022. (ECF No. 11-16).

Now, Petitioner comes before this Court pursuant to § 2254 and asserts the following grounds for relief:

| | |
|---|---|
| Ground one: | The Courts erred when it didn't find prejudice in the issue where assistant counsel failed to object to a photo that was shown to two state witnesses and jury after it was already ruled prejudicial and inadmissible under Rule 403… |
| Ground Two: | The Courts erred when it did not find assistant counsel rendered ineffective for failing to properly object to the jury charge on mutual combat and preserve the issue for direct appeal… |
| Ground Three: | The Courts erred for not ruling on the issue of whether my assistant trial counsel was ineffective for not objecting and moving forward with a motion of mistrial when the trial judge failed to both impartial and disinterested. |

(ECF No. 1-1 at 1, 5, 7).

The Report finds each ground for relief to be procedurally defaulted or barred, and as such, the Report recommends this Court deny the Petition and grant Respondent's Motion for Summary Judgment. Petitioner has lodged an objection to each of the Report's conclusions which will be addressed in turn below.

### **Ground One**

In Ground one of the Petition, Petitioner argues his trial counsel did not object sufficiently to the showing of an inadmissible photograph to witnesses at trial. The Report states this issue was presented at the PCR hearing and the PCR judge denied relief on the merits. Following the hearing, Petitioner's appellate counsel failed to raise this issue in the

5

PCR appeal. Thus, the Report finds Petitioner's first ground of relief to be defaulted such that it should be dismissed.

An issue is considered procedurally defaulted or barred when a Petitioner such as the one in this case fails to raise the issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In this situation, the Petitioner has bypassed his state remedies, and as such, is procedurally barred from raising the issue in his federal habeas petition. *Richey v. Cartledge*, 653 F. App'x 178, 184 (4th Cir. 2016) (holding procedural default bars a district court's consideration of a habeas claim). To overcome default, a Petitioner must show "sufficient cause for his failure to raise the claim below and actual prejudice resulting from that failure." *Id.* at 184.

In his objection, Petitioner argues his claim is procedurally defaulted because his PCR appellate counsel was ineffective. He asserts his PCR appellate counsel "abandoned" him by failing to raise this issue among others in the PCR appeal. Additionally, he argues the PCR court erred by finding that that no prejudice resulted from witnesses being shown the inadmissible photograph at trial.

Petitioner's arguments appear to be a rehashing of those presented in his Petition as the Report addresses this exact cause for default and finds "any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims." (ECF No. 12 at 21) citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). In his objections, Petitioner does not address the Report's conclusion on this basis or explain how it is in error. Further, Petitioner fails to articulate or demonstrate any additional cause that

6

would allow this claim to overcome its status as procedurally defaulted such that this Court could consider it.

Additionally, the Report also addresses Petitioner's argument that the PCR Court erred by finding there was no resulting prejudice from a witness being shown an inadmissible photograph. Originally asserted in the Petition, Petitioner re-raises this exact argument in his objections. The Report finds that Petitioner's argument focuses solely on whether the jury could have seen the photograph without specifically addressing the PCR Court's holding regarding a lack of prejudice. The same is true for his objections. Petitioner hammers the possibility that the jury saw this photograph and were tainted by its prejudicial value. He argues the PCR Court got it wrong when it stated numerous times that the trial had knowledge that the prejudicial photo was shown two witnesses and twice to the jury when it denied his trial counsel's motion for a mistrial. In reality, the state court records show that the trial judge was never made aware that the prejudicial photo was shown twice to the jury when he made his decision to deny the motion for a mistrial.

Petitioner's attempted distinction between the PCR Court's alleged statement of facts regarding this issue at trial and the actual events according to the state records does not demonstrate cause for the failure to raise this claim in the PCR appeal. And, as this Court and the Report have already stated, an error made by his PCR appellate Counsel is also insufficient to demonstrate cause. However, even if this Court assumes Petitioner has established sufficient cause, Petitioner has failed to demonstrate he suffered any actual prejudice from the failure of this PCR appellate counsel to raise this issue in the PCR appeal. Actual prejudice results by showing that this issue, if raised on appeal, would have

7

been successful. But Petitioner cannot and has not demonstrated as much. First, as the Report stated, Petitioner harps on the fact that the jury could have seen the photograph though there is no evidence that the jury actually saw photograph. Further, even if the jury had seen it, the jury also saw other photographs of the victim which makes it less likely that this single photograph would have had a substantial effect on the jury's ultimate determination of guilt. Thus, Petitioner suffered no prejudice by PCR appellate counsel's failure to raise this issue in the PCR appeal because it likely would have been unsuccessful.

Accordingly, this Court overrules Petitioner's objection as to the Report's conclusion that ground one of the Petition is procedurally defaulted. Thus, this Court grants Respondent's Motion for Summary Judgment on ground one.

**Ground Two**

In his second ground for relief, Petitioner raises a claim of ineffective assistance of appellate counsel for his counsel's failure to properly preserve an objection to the mutual combat instruction. [1] After Petitioner was convicted, his appellate counsel filed an appeal in the South Carolina Court of Appeals on the following issue:

> Whether the court erred by instructing the jury on "mutual combat" since that charge was burden shifting and inappropriate given the facts of this case since the prior agreement to fight on equal terms must be plain and not merely arise out of "fist fight or a scuffle," and defense counsel correctly cited *State v. Taylor* when objecting to this proposed jury instruction?

---

[1] As explained by the South Carolina Supreme Court: Mutual combat relates primarily to the law of self-defense. This Court has explained self-defense by referring to four elements. The doctrine of mutual combat relates to the first element, which "we have traditionally described as, "The defendant [must be] without fault in bringing on the difficulty." Thus, mutual combat is not a defense. Rather, the doctrine of mutual combat—if it applies—negates the defense of self-defense. *State v. Bowers*, 875 S.E.2d 608, 612 (S.C. 2022) (citations omitted)).

8

(ECF No. 11-7 at 1646, 1649). The Court of Appeals affirmed Petitioner's conviction by citing a number of authorities including *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (holding an issue is not preserved for appeal where one ground is raised below, and another ground is raised on appeal). This issue was also raised and ruled upon by the PCR judge, but it was not raised in the PCR appeal. The Report finds Petitioner's second ground for relief to be defaulted for the same reasons stated above.

Petitioner objects that the Report's conclusion as to his second ground for relief is in error and he cites to *State v. Bowers* for support. *State v. Bowers*, 436 S.C. 640, 875 S.E.2d 608 (2022). Petitioner argues *State v. Bowers* is identical to his case and in *Bowers*, the Supreme Court of South Carolina citing *State v. Hendricks* ruled " failure to raise specific grounds for on objection will not prevent the appellate court from addressing an issue when the record indicates the trial court, and the state understood the basis for the objection" (ECF No. 22 at 7). "Petitioner argues that under the ruling set forth in *Bowers* that this issue wasn't procedurally barred on direct appeal and should have been properly addressed." *Id.* at 8.

But *Bowers* does not cite to *State v. Hendricks* and it does not stand for Petitioner's asserted proposition. Following a jury trial, Bowers was convicted of voluntary manslaughter, assault, and battery of a high and aggravated nature ("ABHAN") and possession of a firearm during a commission of a violent crime. Petitioner most likely believes Bowers is "identical" to his case because it also involved a shoot-out after which victims died as a result. On the State's petition of certiorari, the Supreme Court in *Bowers* addressed the narrow issue of whether the trial court's erroneous jury charge on mutual

9

combat prejudiced Bowers as to his assault and battery of a high and aggravated nature ("ABHAN") conviction. Ultimately, the Supreme Court of South Carolina held Bowers was prejudiced by this instruction on his charge for ABHAN, and thus, the case was reversed and remanded. This holding and the Supreme Court's reasoning is inapplicable to the Report's conclusion that Petitioner's second ground for relief is procedurally defaulted. Although Petitioner does not use *Bowers* to argue the mutual combat instruction in his case was error, this Court finds the holding in *Bowers* would not support such an argument in this case.

More on point to Defendant's argument is a sentence in the Dissent which recognizes that the defendant, Bowers, did not object to the trial court's supplemental jury charge on mutual combat. As a result, the Dissent makes a point to state "it is unassailable that [defendant] failed to preserve any possible objection to the supplemental charge." *Id.* citing Rule 20(b), S.C.R.Crim.P. ("Notwithstanding any request for legal instructions, the parties shall be given the opportunity to object to the giving or failure to give an instruction…out of the hearing of the jury. Any objection shall state distinctly the matter objected to and the grounds for objection. Failure to object in accordance with this rule shall constitute a waiver of objection."). Though not binding, the Dissent's purposeful note on this point is unhelpful to Petitioner's position.

Finally, Petitioner's citation to *State v. Hendricks* is likely the most helpful to Petitioner's argument. *State v. Hendricks*, 408 S.C. 525, 759 S.E.2d 434, 531 (Ct. App. 2014). In *Hendricks*, the Court of Appeals held that an unspecific objection preserved a disputed evidentiary issue for appellate review when the State immediately responded to

10

the objection by citing to hearsay exceptions. *Id.* Thus, the Court of Appeals held it was clear from the record that both the State and the trial court immediately understood that Hendricks' unspecific objection was based on hearsay. *Id.*

Here, Petitioner makes a fair argument that his trial counsel's nonspecific objection to the mutual combat instruction should have been considered preserved for review because his counsel joined in on the specific objection made by his co-defendant. Based on context, the record demonstrates he joined in on the co-defendant's objection with the intention that it would serve as an objection on behalf of Petitioner too. This Court agrees *Hendricks* supports this point and it is persuasive. But, it does not fix the procedural default or the lack of prejudice.

First, *Hendricks* only stands for the proposition that a nonspecific objection can, under certain circumstances, be preserved for appellate review when it is apparent from the context that the other parties understood the basis for such objection. *Hendricks* does not assist Petitioner with the issue of default which arose when he failed to raise this issue in his PCR appeal.

Second, assuming this Court finds Petitioner has demonstrated sufficient cause to overcome the default, Petitioner cannot satisfy the second hurdle of demonstrating he suffered any prejudice. As the PCR Court explained, even if Petitioner's counsel would have lodged his own independent specific objection on the same grounds asserted in the direct appeal, the trial court would have overruled it because the evidence supported an instruction on mutual combat. Further, Petitioner has also not demonstrated, through his

11

objections or otherwise, that he has met the exacting standard of showing a miscarriage of justice.

Thus, this Court overrules Petitioner's objection to the Report's conclusion on his second ground for relief and adopts the report in full. Accordingly, the Respondent's Motion for Summary Judgment is granted as to Petitioner's second ground for relief.

**Ground Three**

In the third ground for relief, Petition seeks to raise a claim of ineffective assistance of counsel regarding trial counsel's failure to challenge the trial judge as biased in favor of the prosecution. As evidence to support his claim, Petitioner cites to his trial counsel's testimony at his PRC hearing during which she stated she did not file a motion for a mistrial because she felt that the trial judge was biased to the prosecution, and it would be denied.

The Report frames the analysis as this: "[i]n accordance with Martinez, to overcome the procedural default of his grounds for relief, Petitioner must establish that PCR counsel was deficient for failing to present this ground and Petitioner was prejudiced as a result. [Then], Petitioner must also show that the ineffective-assistance-of-trial-counsel claim itself is a substantial one by showing it has merit." (ECF No. 17 at 29-30).

The Report finds this claim is procedurally defaulted because it was not raised in the direct appeal or in the PCR application. Even assuming Petitioner can demonstrate cause to excuse the procedural default, the Report concludes that Petitioner's claim of ineffective assistance of counsel is not a substantial one. The decision to not request a mistrial is a tactical one left to the sound discretion of counsel. *See United States v. Chapman*, 593 F.3d 365, 368-69 (4th Cir. 2010).

Petitioner objects to the Report's conclusion arguing the default of this claim was the result of the ineffectiveness of his PCR counsel, and as such, it should be excused. However, as stated previously in this Order and in the Report, errors by PCR counsel are insufficient to establish cause to excuse procedural default in a petition pursuant to § 2254.

However, even assuming Petitioner's objection was sustained on this point and this Court found Petitioner established sufficient cause because his PCR counsel failed to amend the PCR application to add this ground for relief concerning the trial judge's bias, this Court finds, like the Report did, that the underlying claim of ineffective assistance of counsel to be unsubstantial.

Petitioner makes a fair argument in his Objections that his counsel's failure to move for a mistrial because she was "intimidated" by the trial judge cannot be considered a strategic trial tactic. He argues his trial counsel's fear of the trial judge should not have affected her ability to properly defend Petitioner. The issue with Petitioner's argument is that Petitioner cannot demonstrate that his trial counsel's motion for mistrial would have been successful. Thus, even if this Court assumes Petitioner has overcome the procedural default and has demonstrated his trial counsel was ineffective by failing to move for a mistrial, Petitioner still fails unless he can also demonstrate a reasonable probability that this motion would have been granted but for his trial counsel's failure. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "The grant of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that the prejudicial effect can be removed in no other way." *State v. Herring*, 692 S.E.2d 490, 498 (S.C. 2009).

13

Petitioner's trial counsel's testimony during the PCR hearing reveals the motion for a mistrial would have been on the grounds that the judge was biased to the prosecution. Petitioner's trial counsel would have had to argue that the trial judge was "acting like a prosecutor" by suggesting the state "go forward" on "proximate cause, the gun battle." (ECF No. 8 at 1800-01). But, the authority cited by the Report demonstrates that this suggestion was not improper or evidence of bias. *See Burdett v. Miller*, 957 F.2d 1375, 1380 (7th Cir. 1992) ("[Judges] should not be criticized when they point out to counsel a line of argument or inquiry that he has overlooked, although they are not obligated to do so . . . . When the unfolding evidence persuaded the district judge that the plaintiff's counsel had misidentified the RICO enterprise, she could without impropriety have invited him to shift the line of his attack . . . .") (internal citations omitted)); *Brooks v. Graham*, No. 06 CIV. 5418 (BMC), 2007 WL 2344871, at *5 (E.D.N.Y. Aug. 16, 2007) ("The trial judge . . . identified the risk of inconsistent theories to the prosecutor early in the case and took immediate steps to eliminate the potential. During testimony on the first day of trial, he very patiently explained to the prosecutor . . . ."). Additionally, "the threshold for a showing of bias is high" such that the judge's conduct must "reveal a high degree of favoritism or antagonism as to make fair judgment impossible." *United States v. Carson*, 455 F.3d 336, 355 (D.C. Cir. 2006). Petitioner has not met this threshold in this case.

Thus, this Court overrules Petitioner's objection to the Report's conclusion on his third ground for relief and adopts the report in full. Accordingly, the Respondent's Motion for Summary Judgment is granted as to Petitioner's second ground for relief.

Fundamental Miscarriage of Justice

Petitioner entitles his final section in his Objections "Fundamental Miscarriage of Justice." This Court interprets this section to be an objection to the Report in its entirety.

To meet the exacting standard of a fundamental miscarriage of justice, Petitioner must show he is "factually innocent." See McQuiggin v. Perkins, 569 U.S. 383, 394-95 (2013) ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petition].").

But, in his objections, Petitioner does not present new evidence of his innocence. He only reiterates the evidence submitted to the jury at trial. Thus, he has not demonstrated he is factually innocent.

Therefore, his final objection is also overruled and the Report adopted in full.

### III.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. Accordingly, this Court adopts the Report and Recommendation (ECF No. 17) in full. Thus, Respondent's motion for summary judgment (ECF No. 12) is granted and the Petition (ECF No. 1) is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

    IT IS SO ORDERED.

July 31, 2023  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."